[Civ. No. 4362. First Appellate District, Division Two.—February 8, 1923.]

JULIUS LEVIN COMPANY, INC. (a Corporation), Appellant, v. COMMERCIAL CENTRE REALTY CO. (a Corporation), Respondent.

[1] CONTRACT — ERECTION OF BUILDING — WAIVER OF PERFORMANCE WITHIN CONTRACT TIME—NEGOTIATIONS FOR PURCHASE OF ADJOINING LOT.—In this action for damages for an alleged breach of

---

1. Act or default of employer as excusing delay in performance of working contract, note, 17 **Ann. Cas.** 646.

contract to erect a building, the performance by the defendant of the contract within the time provided therein was waived by the plaintiff's acts in entering into negotiations with defendant for the purchase of the adjoining lot, and it had no right after such negotiations were broken off to commence the action until after notice given that the contract period would again commence to run.

[2] Id.—Damages—Instructions—Error When Immaterial.—Where in an action for damages for breach of a contract to erect a building the jury found for the defendant on the defense of waiver, error in instructions on the subject of damages was immaterial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

Brownstone & Goodman for Appellant.

J. J. West for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover damages for an alleged breach of contract. The defendant was awarded a judgment and the plaintiff has appealed under section 953a of the Code of Civil Procedure.

The defendant is a corporation engaged in buying and selling real estate. It had sold under an executory contract to the York Realty Company a lot 40x80 located at and being the northeast corner of Stockton and Green Streets. Later the purchaser was about to sell its contract to the plaintiff in this case. Whether after, before, or as a part of those negotiations is not clear, but we will assume, for the purpose of this decision, as a part of the consideration moving to this plaintiff the defendant executed its contract. The defendant still being the owner of adjacent lands on the north side and wanting to build up the neighborhood, advised the plaintiff to purchase the contract held by the York Realty Company and, as an inducement, executed and delivered to the plaintiff a contract in words and figures as follows, to wit:

"To Julius Levin Company:

"Within one year from date of delivery to you or your nominee of our deed to lot N. E. Corner Stockton and Green Streets, San Francisco, fronting 40 feet on Stockton Street and 80 feet on Green Street, we agree to erect and complete on the lot 40x80 adjoining same to the North, a store, or market building of one or more stories and basement, and if not so completed within said time we will pay to you, or your successor in interest, the sum of $2,500.00, as liquidated damages for the failure so to complete said building within said time, it being impossible to estimate damages in the event of breach of this agreement, it being understood and agreed that delays caused by act of God, or the enemy, strikes, shall not be considered as part of the said period of one year.

"Commercial Centre Realty Co.,

"By A. Ruef, Manager.

"February Twenty-eighth,

"Nineteen Hundred Nineteen."

According to the terms of that contract, as applied to the other facts above stated, the defendant should have built its building on or before February 28, 1920. It did not do so. The plaintiff sued as for a breach. The defendant answered and pleaded (1) a denial, (2) no consideration, (3) a waiver, and (4) a rescission and abandonment. The trial was had before a jury. All of the defenses were supported by at least some evidence, oral or documentary, or both. The jury returned a general verdict in favor of the defendant. No special verdicts were requested or rendered. The third defense was copiously presented. Mr. Ruef, the president of the defendant corporation, testified at length regarding that defense. His testimony was to the effect that in May, two or three months after the date of the contract on which the suit was based, he commenced to have conversations with the officers of the plaintiff corporation of and concerning the nature of the best building which the defendant should build. They discussed a theater instead of a store or market. Estimates indicated that a theater would pay twenty per cent, and tentative leases indicated that a lessee could be found who would advance the most of the money, if not all, needed to construct the theater. When these facts transpired, the plaintiff's officers

commenced to negotiate for the privilege of buying the adjoining lot mentioned in the contract as owned by the defendant. These negotiations ran on to a date subsequent to February 28, 1920. Then the plaintiff's officers stated that the plaintiff would not undertake to purchase the theater lot nor to build thereon; but the plaintiff stated that Mr. Ruef might try to get another party to do so. Thereupon, with the knowledge of the plaintiff, he made the attempt and, indeed, the record shows that he nearly succeeded. These facts abundantly supported the third defense. But just about the time the defendant was about to close its deal with other parties for the construction of the theater building, the plaintiff commenced this action. [1] After the plaintiff had broken off its negotiations as above stated, it never at any time gave notice to the defendant that the contract period, one year, would again commence to run. On the other hand, after it had by its own acts caused the plaintiff to delay commencing and completing the building contemplated by the contract in suit, and had thus delayed such matters several months, it then terminated its negotiations and commenced its action within a short time after such termination. This, it had no right to do. By entering into the negotiations above recited the plaintiff waived performance, at least in part, during the year February 28, 1919, to February 28, 1920. (*American-Hawaiian Eng. etc. Co.* v. *Butler*, 165 Cal. 497, 519 [Ann. Cas. 1916C, 44, 133 Pac. 280].) If thereafter the plaintiff would stand on the terms of the contract it was bound to give a timely notice so the defendant would not be put to a disadvantage.

[2] The appellant claims that the trial court committed errors in instructing the jury. This claim is addressed to instructions on the subject of damages and the subjects covered by the first, second, and fourth defenses. If the jury found for the defendant on the third defense (and in support of the judgment we must assume that it did), then the jury had no occasion to consider damages and the error, if any, was immaterial. The same remark can be made as to instructions addressed to the first, second, and fourth defenses.

Taking in view the whole record, we find no error. But if there was any error committed by the trial court, we

think it is patent that there is no showing that such error was prejudicial.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 9, 1923, and the following opinion then rendered thereon:

THE COURT.—In denying the application for a transfer to this court we do not wish to be understood as approving the opinion to the effect that errors in the instructions upon the first, second, and fourth defenses were cured by the general verdict of the jury in favor of the defendant.

An examination of the record, however, discloses that the instructions complained of were not prejudicially erroneous as to the plaintiff.

The petition for a rehearing in this court after decision by the district court of appeal of the first appellate district, division two, is denied.

Wilbur, C. J., Waste, J., Kerrigan, J., Lennon, J., Myers, J., Lawlor, J., and Seawell, J., concurred.